**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>DOMINIQUE SHAVIES,<br><br>Petitioner. | No. 54732-5-II (consolidated with No. 54952-2-II)<br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—Dominique Shavies seeks relief from personal restraint imposed following his 2009 conviction for first degree robbery and his 2018 pleas of guilty to unlawful possession of methamphetamine and unlawful possession of cocaine. He filed petitions arguing that the Department of Corrections had miscalculated his earned release date on the robbery sentence and that his unlawful possession sentences should run concurrently with his robbery sentence.

While his petitions were pending, the Washington Supreme Court issued its decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void. 197 Wn.2d at 182-83, 186. The State now concedes that under *Blake*, Shavies is entitled to have his 2018 convictions for unlawful possession vacated and to have his 2009 conviction remanded to the trial court because his criminal history for that judgment and sentence contains prior convictions for unlawful possession. We agree.

This relief renders the remainder of Shavies' petitions moot. Accordingly, we remand for the trial court to vacate Shavies' 2018 convictions for unlawful possession of a

controlled substance. The trial court must also correct his 2009 judgment and sentence, recalculate Shavies' offender score for his 2009 conviction, and resentence him. We dismiss the remainder of his petitions as moot and deny his request for appointment of counsel. In light of this decision, we also deny the Department of Corrections' motion to stay.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Sutton, J.